PEOPLE v. ZAZUCKI

CRIMINAL LAW—PLEA OF GUILTY—LENIENCY—PROBATION.

> Mention of probation as statutorily permissible punishment did not render a plea of guilty invalid on the ground that the plea was induced by a promise of leniency where the defendant was informed of the possible maximum sentence which he might receive upon conviction.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 June 16, 1970, at Detroit. (Docket No. 7,927.) Decided August 3, 1970.

Eugene Zazucki was convicted, on his plea of guilty, of assault with intent to commit robbery being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Dominick R. Carnovale,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*William Ferguson* (*Edward P. Echlin,* of counsel), for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 487.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendant Eugene Zazucki pled guilty and was convicted of assault with intent to commit robbery being armed, contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

On appeal, defendant contends that his plea of guilty was induced by promises of leniency, *i.e.,* probation, emanating from his trial counsel and the trial judge. The appellee has filed a motion to affirm the conviction pursuant to GCR 1963, 817.5(3).

Our review of the plea transcript reveals that no prejudicial error was committed by the trial court and that the requirements of GCR 1963, 785.3(2) and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058) were satisfied. Defendant was adequately informed of the possible maximum sentence which he might receive upon conviction. The fact that a sentence of probation was mentioned by the trial court as statutorily permissible in this type of case does not, we think, in light of the entire plea transcript, render the guilty plea invalid. The question presented here on appeal is unsubstantial and requires no argument or formal submission.

The motion to affirm the defendant's conviction is granted.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.